UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| THOMAS HANNON,<br><br>Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | ) | Civil No. 25-13431-LTS |

MEMORANDUM AND ORDER ON HANNON'S MOTION TO STRIKE THE DECLARATION OF ANNE E. ALBRECHT OR, ALTERNATIVELY, TO PERMIT LIMITED DISCOVERY (DOC. NO. 38)

October 16, 2026

SOROKIN, J.

Thomas Hannon sued Guardian Life Insurance Company of America for state-law claims arising out of Guardian's reduction and ultimate termination of disability-benefit payments. Guardian filed a brief in which it argued that Hannon's state-law claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), Doc. No. 36, and attached to the brief a declaration from its employee, Anne Albrecht. Doc. No. 36-1 at 2-5. Hannon moves to strike this declaration or, in the alternative, to permit limited additional discovery of Albrecht. Doc. No. 38. For the reasons stated below, Hannon's Motion is ALLOWED in part and DENIED in part.

At Guardian's request, the Court bifurcated this case. See Doc. Nos. 18, 25. Phase I concerns whether ERISA preempts Hannon's state-law claims. The Court established a schedule providing approximately three months for wide-ranging discovery without limitations on this

issue. Doc. Nos. 25, 30. At the outset of the discovery period, Guardian disclosed (1) its claim file, see Doc. No. 41-1 at 2, and (2) its witnesses pursuant to Federal Rule of Civil Procedure 26(a)(1) by stating the following: "Guardian refers to the individuals identified in the claim file previously produced. Employees of Guardian and consulting experts may be contacted through counsel for Guardian." Doc. No. 41-2 at 2.

As an initial matter, it is unclear whether Rule 26 initial disclosures are required in this case. Rule 26 exempts from initial disclosure any "action for review on an administrative record." Fed. R. Civ. P. 26(a)(1)(B)(i). The parties dispute whether this exemption applies. Nevertheless, for present purposes, the Court concludes that the disclosure obligations did apply because the Court has not yet resolved whether ERISA indeed preempts Hannon's state-law claims. Thus, both parties were obligated to make initial disclosures under Rule 26. That is exactly what each party proposed in their suggested schedules, and it is what they ultimately did. Doc. No. 19-1 at 1; Doc. No. 19-2 at 1; Doc. Nos. 41-2, 41-11.

Rule 26 requires disclosure of both the name of each individual likely to have discoverable information and the subject matter of that information. Fed. R. Civ. P. 26(a)(1)(A)(i). Guardian disclosed Albrecht as an individual with discoverable information. In its disclosures, Guardian incorporated by reference the "individuals identified in the claim file," Doc. No. 41-2 at 2, and that claim file contained an email from Albrecht identifying her as Guardian's "Key Account Manager." Doc. No. 41-3 at 2. Nevertheless, Guardian failed to disclose the subject of the information that Albrecht—or any other individual named in the claim file—possessed. See Doc. No. 41-2 at 2. This deficiency was plain on the face of the disclosure.

Hannon, however, took no action whatsoever. He never moved to compel a more fulsome initial disclosure. And the time for such a motion has long passed, as Hannon knows.

See Doc. No. 17 (providing parties with this Session's standard scheduling order, Doc. No. 17-1, which establishes deadline of seven days after close of relevant discovery period for motions to compel); Doc. No. 19-1 (showing Hannon used standard scheduling form for his proposed schedule). Additionally, Hannon never served document requests or interrogatories seeking Guardian's disclosure of (1) the factual basis for its assertions that ERISA preempted his state-law claims; (2) the factual basis for the formation of the policy at issue; or (3) the documents bearing on the foregoing or identification of the persons with knowledge of the same. Hannon likewise never served a deposition notice for Albrecht, whom the claim file identified as Guardian's "Key Account Manager." Doc. No. 41-3 at 2. Hannon propounded no discovery requests at all. Indeed, he took no discovery whatsoever.

In contrast, Guardian took discovery from Hannon and his non-party employer, the State Police Association of Massachusetts ("SPAM"). Guardian deposed SPAM's president, see generally Doc. No. 41-10, and obtained numerous documents from SPAM, over half of which identified Albrecht in their titles, Doc. No. 41-4. Guardian shared these documents with Hannon. See Doc. No. 41-6. In addition, at Guardian's request, the Court briefly extended the period for Phase I fact discovery. Doc. No. 30.

After that period ended, Guardian filed its brief on ERISA preemption pursuant to the established schedule, Doc. No. 36, and attached the Albrecht declaration, which details facts relating to the formation of the policy at issue, Doc. No. 36-1 at 2-5. Hannon now (and only now) cries foul, belatedly contending that Guardian's initial disclosures violated Rule 26(a). Doc. No. 38 at 1-2. Hannon moves the Court under Federal Rule of Civil Procedure 37 to either (1) strike Albrecht's affidavit or (2) permit Hannon to take Albrecht's deposition and order Albrecht to produce the documents that she relied on when preparing the declaration. Id.

First, exclusion of the declaration is not warranted. Hannon had notice—after receiving Guardian's initial disclosures and again after receiving SPAM's document production—of Albrecht's role at Guardian and her knowledge concerning the insurance policy at issue. In the email incorporated into Guardian's initial disclosures, Albrecht attached Hannon's enrollment form, Doc. No. 41-3 at 4, noted that Hannon was "part of the original group of members that enrolled," id. at 2, and identified herself as Guardian's "Key Account Manager," id. Thus, Albrecht was plainly a person with relevant knowledge of the issues in this case. Hannon had further notice of Albrecht's knowledge once SPAM produced dozens of documents containing Albrecht's name in their titles. Doc. No. 41-4. Yet Hannon declined to move to compel more fulsome disclosures, depose Albrecht, query her knowledge, or seek any discovery at all. Because Hannon had sufficient notice, the Court finds he was not harmed by Guardian's failure to specifically list Albrecht or the topics of her knowledge in its Rule 26 disclosures. Exclusion under Rule 37(c)(1) is therefore inappropriate. See Cruz-Vázquez v. Mennonite Gen. Hosp., Inc., 613 F.3d 54, 58 n.1 (1st Cir. 2010) ("[I]n the absence of harm to a party, a district court may not invoke the severe exclusionary penalty provided for by Rule 37(c)(1).").

Second, under the circumstances of this case, allowing Hannon to depose Albrecht is not warranted. Hannon essentially asks for the opportunity to await Guardian's brief on ERISA preemption, evaluate its legal and factual arguments, and only then seek a deposition of Albrecht—after declining to do so during the fact discovery period the Court established for Phase I. That is neither fair nor proper. Nevertheless, Guardian shall disclose the documents upon which Albrecht relied in crafting her affidavit to the extent such documents have not already been identified and produced.

Finally, the Court has considered the preference for resolution of cases on the merits. See, e.g., Fed. R. Civ. P. 1 (stating rules "shall be construed to secure the just . . . determination of every action"). That preference, however, does not support allowing the deposition of Albrecht in the present factual circumstances, where Hannon understood the focus of Phase I discovery, learned of Albrecht's identity and role, took no discovery whatsoever, and awaited the filing of Guardian's brief on ERISA preemption before seeking a deposition.

For all these reasons, Hannon's Motion to Strike, Doc. No. 38, is ALLOWED in part and DENIED in part as explained herein. Guardian shall disclose the documents upon which Albrecht based her affidavit by October 23, 2026. Hannon shall file a response to Guardian's brief on ERISA preemption by November 6, 2026. Guardian's reply shall be due November 13, 2026, and shall be limited to five pages.

SO ORDERED.

/s/ Leo T. Sorokin
United States District Judge